The next case on the calendar today is Brown v. United States, 17-1943. May it please the court, my name is David Kessler. I represent the United States, and I'm an assistant U.S. attorney in the Eastern District of New York. I was the assistant who handled the proceedings before Judge Weinstein in this case as well. The district court judgment should be reversed. The district court opinion should be reversed. The amended judgment should be vacated, and the original judgment should be reinstated, because the district court erred in concluding that attempted robbery in the second degree in New York State is not a categorically violent felony for purposes of the Armed Career Criminal Act. As we've laid out in our brief, the text of the New York State robbery statute that applies to all degrees of robbery requires forcibly stealing property in a manner that overcomes the resistance of the property holder, or otherwise compels the property holder to give up that property. There's simply no reason to believe that that can be accomplished with any kind of force that is less than the violent force contemplated in Johnson 1. You know, force capable. Can I just ask you about the Massey problem, the Massey issues? Yes. I tried to go back through even the district court docket and to figure out what section of 924E he was found to have the predicate crimes of violence, and I couldn't do it. What do we do under those circumstances? Because it might make a difference here, especially in a habeas like this. I agree, Your Honor. I couldn't find a specific clear statement one way or another. What I can say is that the pre-sentence report, which was submitted, certainly details the violent nature of the underlying robberies. That the residual clause possibility has really come up only in the text of the whatever the operative habeas petition is. I forget if it's the second or the third. That's when the defendant first mentions the residual clause. And it's mentioned in Judge Weinstein's most recent order, but it wasn't something that was discussed during the most recent proceedings. Judge Weinstein, in the most recent order, didn't distinguish, didn't address both the residual clause he did and the force clause. That's my reading of his opinion. I think that's fair. He basically said the residual clause doesn't apply because it's been vacated and the felonies are not categorically violent under the force clause. So what do we do? Well, I think that the We saw this. I saw that some of the cases in the other circuits are struggling with this. What do you do when it's, I think it was in 2006 he was convicted? 2007 or 2008. And at that time, nobody thought they had to make a distinction in the district courts which section, nobody's fighting about this until Johnson 1 came along. So how do you go back and reconstruct this so you know which clause to deal with, especially on a habeas, as in Massey, which said it makes a difference. I think the short answer is you don't have to because the robbery statute is going to be categorically a crime of violence under the force clause. So that's going to apply whether or not the residual clause also applies. The issue here, and I apologize if our 28-J submission could have been more clear. The real concern here is this kind of bootstrapping problem where the habeas petition invokes Johnson 2 as the basis for the habeas, the new rule of constitutional law. But then all of the arguments are about Johnson 1, which is not only more than one year old, it was actually already the subject of another habeas petition in this case and a second circuit order in 2016 that addressed Johnson 1 as applied to these specific facts. I appreciate that point, but I wonder what the import of it is here. So the statute says you can't file a second habeas unless you get permission. He came here, he got permission. Then he filed the second habeas in the district court, and the third or the ninth or whatever it was, and the district court then granted it. Now, I understand your main argument is on the merits, it shouldn't have been granted. But suppose we wind up either this panel or some panel that decides this issue before we get to it, winds up deciding adversely to the government's position on that. Are you making some argument that somehow the habeas can't be granted even if it was granted on correct legal grounds because somehow this court was in error, the panel of this court that granted leave to file the successive habeas was incorrect and shouldn't have done it? I think the short answer is no, but I'm going to think about that for another minute and then on rebuttal, if I have more to say, I'll address that question further. I appreciate it. It's a somewhat arcane question. It is kind of raised by the 28J letter, which is why. No, I understand. And I think the fact that one panel of this court denied the defendant's second habeas petition on the grounds that his prior convictions were violent felonies, and then a different panel later gave him permission to bring the claim, not stating that the claim was meritorious. But it was the second, but that's because of Johnson two, then you get this whole sort of issue, the one that was raised in the Massey case of, is it different or is it the same? Is he able to invoke that? And I don't know whether that was properly thought through. Johnson two, I believe applies to both that we're talking about. So there's a 2016 order from this court, a different panel, relating to the second successive habeas that the briefing certainly addressed Johnson two. Then there was the request in the district court and then a separate order from a different panel. So both of those do implicate Johnson two. It's not just that Johnson two intervened between the first order of this court related to the second habeas petition and the second order of this court related to the habeas petition. So the fundamental point here, I think, is that the text of the statute makes it clear that you need to use to commit New York robbery, any degree, a level of force that is capable of causing pain. And the question then though is, what do we do with these various appellate division decisions that are raised by Mr. Brown that would seem to be somewhat inconsistent with that? Now, I mean, maybe they're just wrong as a matter of state law in the first place. Is this the kind of thing that should be referred to the New York Court of Appeals to explicate what the statute actually means? I was thinking about that. I don't think it's necessary. I think they all reconcile just fine. And here's how I sort of scan the body. There are some cases, Lee, Saffron, Bennett, the ones that everyone seems to cite,  you know, the human wall that blocks a pursuer, the tug of war with the clerk. There's a case, Patton, which we didn't cite originally, but that gets addressed where someone's, you know, gets a scratch on their neck or a burn mark. Those clearly involve either the use or threatened use of force. Then you have these purse snatching cases. And those, I think, cause, that's where this sort of gets, or arguably gets complicated. The New York Court of Appeals has made it clear at this point that purse snatching is not robbery. But if you look at the older cases, and I think those are the two that Judge Barron and Steed relied on, Lawrence and Santiago, those cases are not, you know, someone standing on the street and someone yanks their purse. I believe both of those cases, sorry, one of those cases, it's completely unclear what happened, except that the court says, the New York Appellate Division says that the jury could have believed that sufficient force was used. That doesn't tell you anything. And then the other case, I think this is Santiago, involves, you know, a fight on a train. And I believe it was also a felony murder case where the defendant is using the force of the train to get at the purse. One of the other cases we cite is also a subway force case, for want of a better word. So none of those cases are what I think is the concern here and was the concern of Johnson one, which is, you know, any touching or any just snatching of a purse, you know, not being robbery, but being more like larceny. So I don't think there's a need to get further clarification from the New York courts. Obviously, their opinions could certainly be longer and have more facts in them. That could be helpful. But- Can I ask you another habeas question though? Let's- Take your time. Sure. Let's assume that this panel or another panel next week concludes that robbery second and third in New York is not a crime of violence under the Forcer Elements Clause, because forcible stealing is not enough. Say that you're wrong on your reading of the New York state court cases. Does he prevail in this appeal because it's a habeas appeal and it's only the Second Circuit that's decided that rather than the Supreme Court? Well, so again, I'd want to think through this a little more, but I think the answer is probably because if we agree that he's been given permission to file this appeal, so everyone believes that he's applying some sort of new rule of constitutional law, that would get the petition in front of the court. And then the court has to resolve it. So I don't think the AEDPA standard or the sort of state of the law when the petition was filed versus when it is now would necessarily control. Retroactivity problem then? I don't think it would be. I mean, we're obviously in the hypothetical world where the court goes in the direction that it hasn't gone in so far in any of the cases we've cited from the Second Circuit or that we're advocating here. Because ultimately the question is just going to be what is the law? And I suspect there's no retroactivity problem if the ruling favors the defendant. Because he's not going to be held accountable for some later development in the law that's to his disadvantage. But again, I haven't completely thought that through. Or to his advantage. Or to his advantage. But my sense of the retroactivity issue is it's normally when there's a change that disfavors the defendant. And so he's sort of worse off than he was for no reason that he could have expected. I mean, here there's just a legal question, right? And we think the answer is clear for the reasons we've laid out, but the court is going to answer the question one way or another. And that's going to apply here. And you see no error also between the attempt analysis and the actual offense analysis? We've laid it out. You know, there are actually at least two Second Circuit, I believe they're both unpublished, but post-Johnson one decisions that involve second degree attempted robbery. Williams and Bogle or Corngay, we've cited them. So this court has actually looked at that. You know, the text, it all just sort of collapses. Because you've got the use, attempted use or threatened use. And then you've got the use or threatened use. In New York state attempt means you have to come dangerously close to completing the action. You know, I tried thinking of an example where you could, there'd be some sort of attempted threatened use that somehow wouldn't really work. And I just couldn't come up with one because they all just collapse together. And it's clearly the conduct, you know, that is robbery in general, it's clearly the conduct that the Armed Career Criminal Act has always been directed to, you know, sort of fine parsing and the trying to cook up a hypothetical where maybe once in a while you could imagine a scenario where it doesn't apply. I think it's not the thrust of the law. And in fact, there's guidance from the Supreme Court that the question here is, you know, the realistic probability that a crime can be committed in a way that isn't a violent felony, not a theoretical possibility that somehow there could be some concoction that we could try to get around that. So I see no error. Very good. Okay, we'll hear from counsel from Mr. Brown. Thank you, Mr. Kessler. May it please the court. My name is Kristen Santillo on behalf of Aitian Brown. And we would submit that both the Second Circuit correctly granted Mr. Brown's leave to file his successive petition in front of the district court and that the district court correctly decided the issue of whether attempted second degree robbery in New York no longer qualifies as a violent felony under the Armed Career Criminal Act after both Johnson one and Johnson two. Now, when this case was initially decided, the parties did not have a reason to litigate this issue. And therefore, as your honors already noted, the record is not clear under which clause Judge Weinstein made the determination that the prior convictions for second degree attempted robbery were violent felonies. But the council had no incentive to litigate those issues because even if it didn't fall under the force clause, there was such a wide swath of activity that was covered by the third clause, the residual clause. And that's why it's essential to Mr. Brown's claim that Johnson two invalidated the residual clause and that has sort of pulled the legs out from any conceivable ground that his prior convictions were violent felonies under the Armed Career Criminal Act. So we believe that both... What if we concluded that forcible stealing is enough under the elements of the force clause? Is that a problem for him? It is a problem for him. I do think that the analysis definitely turns on whether or not the force clause, forcible stealing under New York law, which in this case is basically what the court has to decide. Attempted second degree robbery that Mr. Brown was convicted of just requires another person present. And so that is the very narrow inquiry that will decide whether or not Judge Weinstein was right. And I do agree that there has to be no basis under which it was appropriate for Mr. Brown to be subjected to the violent felony. In this case, if even the initial attempted second degree with another person present qualified or didn't qualify, then he only has two out of three predicates. So I think that's what this case will ultimately turn on. And the accomplice doesn't... Your position certainly is that the accomplice doesn't make any difference to that analysis, right? I mean, the element that this all turns on is effectively the same as in third degree robbery, which is the force. Because if that's present in a way that would satisfy the ACCA, then it would be a forcible crime. But if that degree of force is not sufficient, the aggravator that makes the second degree robbery, it seems, I thought both sides agreed that the accomplice is not something that changes that calculus. Yes, I agree. I agree with that premise. Although I do think that some of the discussions of having the accomplice present demonstrate that Well, there's more than that. It says it's aided by another person actually present. That's what makes it a second degree robbery rather than a third degree robbery. So obviously the New York legislature thought it was a more violent crime to have somebody else there doing the robbery with you who assisted you in that robbery. Yes, that's correct. Or they just thought it was a more serious crime for because two heads are better than one because why conspiracies are dangerous. It's if you have multiple people involved in a crime that aggravates the guilt in some way, it doesn't necessarily mean the New York legislature thought it was more violent or that it is inherently more violent to have two people participate in a nonviolent act. That's correct. I think it aggravates the penalty and it has been determined to be more serious in that. At least that would be your position. I did not think the government was relying on the accomplice as a critical issue here, but I guess that's for Mr. Kessler to say. No, I think that as Judge Weinstein analyzed the issue, the real question before the court is whether forcibly stealing under New York law satisfies the level of violent force that was expressly set out in Johnson One. Right, I mean, we might think, a reasonable person might think that having an accomplice present and aiding increases the risk of violence, but the Supreme Court has said no reasonable person could possibly make that decision, and that's why the risk of force residual clause is too vague for us to answer that question. Yes, and there have been some, in some ways, having another person present who is not necessarily engaging in any force, much less violent force, and I think that this actually sort of expands the involvement of conduct that doesn't rise to the level of violent force that could come into play in connection with a conviction under that statute. You're saying that having somebody else there who's an aiding person doing the forcible stealing makes it less potentially violent? Is that what you just said? As I'm thinking about it, as we're talking about those questions, I do think there are some circumstances under which having another person present or being the other person present who is involved in the statute would potentially create scenarios where the other person present is not involved in force that is... Well, I mean, two gang members, right? The senior gang member takes the junior gang member out, and the junior gang member is supposed to prove himself by doing a purse snatching, and the senior guy says, okay, there's a woman with a purse, she looks like a good target, go get her. And the apprentice gang member goes over and does a purse snatching that, by hypothesis, is not enough force to satisfy the ACCA, right? I mean, that wouldn't make it... The fact that somebody told him to do it and is therefore a present, an accomplice who's present at the scene doesn't make the purse snatching or whatever the thing is that is a robbery under New York law but isn't satisfying the ACCA. It doesn't become more violent because person A told person B, there's the person you should rob. No. I mean, I think that's kind of your position, right? Yes, yeah. It doesn't automatically, categorically, make it more forcible that a second person is present as an accomplice in some way, given particularly the breadth of aiding and abetting. Yes, but I think that sort of brings to mind this Bennett example where that second person could stand in front of the door and be doing something that is less than violent but also participating in a way that if there was just one person who was doing it, they might have to do more to... That was sort of what I meant by having another person present in that their conduct may not be as actively violent as they contemplated in Johnson One. I think the one thing that the government has relied on is sort of parsing these elements of the statute, the use, attempted use, or threatened use of force in the New York robbery statute and comparing it to the ACCA and saying that these are very similar. But I think that what that does is sort of, it ignores the context of the Supreme Court's decision in Johnson One, which specifically emphasized that the interpretation of the level of violence that was necessary under the ACCA has to be viewed in the context of the fact that it's a statutory definition that states that it's a violent felony. And that is not present in New York. And I think that when we interpret that language, we have to view that context as well, the absence of that framing. And I think that the cases that Judge Weinstein point to and that numerous other courts have pointed to, not because they're the only three cases, because they're great examples of how robbery can be accomplished in New York with less force than is required under the ACCA, including bumping, tug of war, and blocking someone's way. I'd like to make sure that I address any procedural issues that you have from our perspective, because I do believe that when we sought permission to file a successive petition in the Second Circuit, this issue of the residual clause and whether or not it was implicated was specifically addressed to the Second Circuit. The government raised that issue, and we noted that there was no clear record in the pre-sentence report, in the indictment, or in the sentencing court's analysis about which clause they relied on. And we do that. I know that some other courts are struggling with this. Some have said it's the defendant's burden to show which clause he was, the predicates qualified in the 2008 sentencing. Others have said some different things about that, that how is that fair when nobody cared about it in 2008? How do we resolve it if we have to, as to which prong of 924E applied to him then? I think there's a very helpful analysis in a recent Third Circuit decision on this in United States v. Perez. I have the citation here, 2018 Westlaw 3827213. Can you just slow down and give it to me again? Oh, apologies. 2018 Westlaw, what is it? 3827213. And it discusses the fact that if the defendant's enhancement may have turned on an issue of constitutional law, then that satisfies the gatekeeping function of the habeas statute. And I believe that that's the correct analysis under which the court should consider whether or not this was appropriately brought. And in this case, Mr. Johnson's claim wouldn't have been ripe unless Johnson too had been decided and there'd be no basis to invalidate his sentencing enhancement. Very good, all right. Thank you. I think we have your arguments. Mr. Kester, you're reserved three minutes rebuttal. Thank you, Your Honor. So just a few points. First, on the statutory interpretation question, I just want to be clear. Neither Johnson 1, Johnson 2, or any other case requires a state statute to use the word violent or describe force in a particular way. The question is just, is the force that makes someone guilty violent force? And as we've laid out, the New York robbery statute makes it clear, as do the cases in New York state. And I just wanted to emphasize that there are actually a fair number of cases in this circuit that post-date Johnson 1. Most of them are unpublished. US v. Miles, which is 2014, is published. Bennett, Williams, Bogle, and Corngay are all cited in our brief. They're all unpublished, but they all involve different panels of this court concluding that a robbery, in many cases, attempted robbery, or second or third degree robbery, qualifies as a violent felony. And it's sort of hard to believe that this issue was just missed seven or eight times and not thought about by very different panels of this court. So I think there's fairly substantial Second Circuit precedent on that point. I just asked you about the question that Judge Lynch and I were asking about, and that is, does the presence in the second degree statute of he is aided by another person actually present, does that have any relevance to the degree of violence of second degree robbery or not? So we haven't argued that it does, but on the spot, I would say it does, because the concern is more people involved are more likely to cause problems. That is, I think it's. But the likely to cause problems is exactly what the residual clause is about. It's not about the force clause. In other words, I have always had difficulty understanding, Johnson, because it always seemed to me that risk of force is one of those things that judges and juries deal with all the time, like what's reasonable and what's not, and I don't understand why that's so vague. But you're talking the language of the residual clause, which is, in other words, the fact that somebody else is present, I might well agree with you, increases the risk of injury in these situations, though Ms. Centio has an interesting argument the other way. But that's how you'd analyze that. The question is, is it more violent just because there's another guy there? So let me address two things. First of all, I think the risk of force, you're right, that sort of hearkens to the residual clause, but the threat of force by two people instead of one I think is almost always going to be more menacing, greater, more of a problem with more people. But fundamentally, the court doesn't have to reach that issue. And you haven't raised that in your. We haven't argued that. So in other words, this case is functionally the same as the third-degree robbery case from your standpoint. If, for example, another panel were to decide that third-degree robbery is sufficiently violent, then it would be a fortiori at a minimum that this is too. If there came to be a precedent that the degree of force required by New York, robbery, generic robbery, third-degree robbery is insufficient to satisfy the ACCA, that would defeat, would control this case as you've presented it to us. I think that's fair, except I would add that there are panels of this court that have already found third-degree robbery to qualify as an ACCA predicate. The one other thing I just wanted to mention was to address one of Judge Lynch's, your questions from before about the granting of the right to file the habeas petition. So I'm just gonna read from Massey. And I didn't have this off the top of my head, but this is, I'm looking for the pin site. It's on the second, I think it's 251 or 252. The Massey panel said, although this court previously authorized the district court to consider Massey's motion, this court's determination that Massey has made a prima facie showing that his motion satisfied the requirements of 28 USC sections 2244 and 2255H was not a finding that Massey actually satisfied those requirements and it does not prevent our review now. So I don't think that that tells you how to rule, but that does tell you that the issue is still before the panel to the extent the panel wants to consider it. And I haven't read the Third Circuit Perez. So I'm not sure there's anything for me to address there. I will point this court to the Sixth Circuit Perez, Judge Sutton's very recent decision that I think kind of lays out carefully essentially the same arguments we've been making. Very good. Thank you very much. Very well argued. We appreciate your arguments. And the final two cases are on submission. And so the clerk will please adjourn the court. Court is adjourned.